# COOPER *v.* UNITED SECURITY LIFE INSURANCE & TRUST COMPANY OF PENNSYLVANIA.

---

### CONTRACTS; INTEREST; USURY.

A contract in writing providing for the payment of a given sum of money at definite periods, such sums being made up of principal and interest, but not specifically stating any rate of interest, is not within the prohibition of sec. 714, Rev. Stat. District of Columbia, providing that, "in all contracts made, it shall be lawful for the parties to agree in writing that the rate of 10 per centum per annum" shall be paid, where, by mathematical calculation it can be readily ascertained from the contract itself that the rate of interest charged does not exceed 10 per centum per annum on every $100 loaned.

No. 1978.   Submitted March 5, 1909.   Decided April 6, 1909.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, sitting as a

court of equity, overruling his exceptions to the auditor's report and confirming the same, in a suit to require the surrender of a bond for cancelation and the execution of a release of a deed of trust.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

On January 6, 1892, the appellant, Anna J. Cooper, complainant below, obtained from the defendant trust company, a loan of $4,600, which was secured by a bond and deed of trust on certain described real estate situated in the District of Columbia. The bond was given to secure, in terms, the payment of "the said sum of $4,600 and interest, for the period of twenty years from the date hereof, each and all the herein-after-mentioned monthly instalments on the days when they respectively become due." The bond then enumerates the monthly instalments, giving the amount of each, diminishing in amount in a decreasing ratio from year to year, extending through the full period of twenty years, which complainant obligated herself to pay in liquidation of the total indebtedness of principal and interest.

It appears that during the period from the date of the bond, January 6, 1892, to June 6, 1906, complainant, in satisfaction of the instalments as they became due, paid the total sum of $7,334.19. Complainant at this date refused to make further payments, and filed a bill in equity in the supreme court of the District of Columbia to require defendant to surrender the bond for cancelation and to execute a release of the deed of trust. In accordance with a prayer of the bill, the auditor of the court was instructed to make an accounting between the parties, and report the amount remaining due on the bond. The auditor reported on November 5, 1906, a total balance due defendant of $1,704.13. Complainant filed exceptions to the report, which were overruled by the court. From the decree overruling the exceptions and affirming the report, this appeal was taken.

*Mr. Irving Williamson* for the appellant.

*Mr. Nathanial Wilson* and *Mr. Clarence R. Wilson* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended by counsel for complainant that, inasmuch as no specified rate of interest is named in the bond or deed of trust, complainant only became liable for the legal rate of 6 per cent interest, as allowed by statute. It is insisted, and not gainsaid, that, at 6 per cent, calculated with a deduction of the principal by partial payments, the indebtedness, principal and interest, was entirely liquidated before the expiration of the twelfth year, and long prior to the date complainant ceased to make payment of the monthly instalments, as called for in the bond. Complainant, therefore, claims that, having overpaid the amount of the principal indebtedness, with interest thereon at 6 per cent, she should be released from further obligation to defendant.

The obligation named in the bond was not the principal sum of $4,600, but the various monthly payments extending for a period of twenty years. The auditor found that the total of these payments embraced the principal sum with interest at 9 per cent per annum, computed on the basis of the length of time each instalment had to run. In other words, by the method adopted, the result was the same as if the contract had specifically provided for the payment of $4,600 in monthly payments extending through a period of twenty years, with annual interest thereon at the rate of 9 per cent.

The Revised Statutes of the United States, sec. 714, relating to the District of Columbia, in force at the time this contract was made, provides: "In all contracts made it shall be lawful for the parties to stipulate or agree, in writing, that the rate of 10 per centum per annum, or any less sum, of interest, shall be taken and paid upon every $100 or money loaned or in any manner due and owing from any person or corporation in the District." The only question presented by this case is whether the

obligation in writing, providing for the payment of a certain sum of money at definite fixed periods, such sums, by the terms of the contract, being made up of the principal and interest, when no rate of interest is stated, comes within the prohibition of the statute. We think it does not, where the sum payable is fixed, and, by mathematical calculation, it can be readily ascertained that the rate of interest charged therein does not exceed 10 per centum per annum on every $100.

The rule seems to be that, "if the interest has been calculated and included in the principal sum named in the written contract, this is sufficient." 22 Cyc. Law & Proc. p. 1530, and cases cited. It was held in *Cameron* v. *Merchants' & M. Bank,* 37 Mich. 240, that "the suggestion that the statute requires stipulations for 10 per cent to be in writing, and that unless that rate is expressly mentioned the paper is illegal, is not well founded. The object of the statute was evidently to require the writing to remove the ambiguity that would otherwise exist on the face of an instrument calling for interest, and mentioning no rate. It was to conform to the rule rejecting parol explanations of writings. But where the sum of money to be paid is expressed, there is no ambiguity, and, if it included no more than 10 per cent interest, it is valid."

The bond in the present case specifically stated that the monthly instalments were payments on the principal sum with interest. The duty was cast upon the complainant of ascertaining the rate of interest therein charged, which she could have accomplished by a simple mathematical calculation before assuming the obligation. She cannot now be heard, after confirming the agreement by payment of the instalments for a long period of years, to assert that she did not know the rate of interest charged. The contract being in writing, and the rate charged being less than 10 per cent per annum, it comes within the provisions of the statute.

The decree is affirmed with costs, and it is so ordered.

*Affirmed.*